[Cite as *Lakewood v. Ramirez*, 2014-Ohio-1075.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 100052

## CITY OF LAKEWOOD

PLAINTIFF-APPELLEE

vs.

## JORGE A. RAMIREZ

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Lakewood Municipal Court
Case No. 2013 CRB 00752

**BEFORE:** Jones, P.J., McCormack, J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** March 20, 2014

**ATTORNEY FOR APPELLANT**

Vincent F. Gonzalez
2535 Scranton Road
Cleveland, Ohio 44113


**ATTORNEY FOR APPELLEE**

Pamela L. Roessner
Chief Prosecutor
City of Lakewood
12650 Detroit Avenue
Lakewood, Ohio 44107

LARRY A. JONES, SR., P.J.:

{¶1} Defendant-appellant Jorge Ramirez appeals from the trial court's judgment, rendered after a bench trial, convicting him of failure to comply with the Lakewood Codified Ordinances, a first-degree misdemeanor. For the reasons that follow, we affirm.

## I.    Procedural History and Facts

{¶2} In May 2013, plaintiff-appellee the city of Lakewood filed a complaint against Ramirez charging him with multiple violations of the Lakewood Codified Ordinances. The following trial testimony established the events leading up to the filing of the complaint.

{¶3} In February 2012, Timothy McDonough, Lakewood's building inspector, conducted an inspection of the property located at 1631 Newman Avenue. The inspection was done at the behest of the then-current owner, Mike Fanous, so that he could obtain a certificate of occupancy permitting the transfer of the property. Fanous and Ramirez were in negotiations for the sale of the property. McDonough found numerous violation at the property.

{¶4} On February 17, 2012, McDonough issued a correction notice relative to the violations. McDonough was aware that Ramirez was a potential buyer for the property, so he sent the correction notice to both Fanous and Ramirez; the notice was in Fanous's name. McDonough and Ramirez subsequently had on-going discussions about the property.

**{¶5}** On March 24, 2012, Ramirez averred in an affidavit that, in consideration for a certificate of occupancy, he agreed to correct all interior violations by April 30, 2012, and all exterior violations by May 30, 2012.[1]    On March 28, 2012, the city issued a certificate of use and occupancy to Ramirez.   The certificate noted that Ramirez was the owner of General Remodeling and Repair, Co., L.L.C.   It also conditioned the issuance on compliance with the correction notice, as agreed to by Ramirez in his affidavit.

**{¶6}** After another inspection in March 2013 revealed that violations had not been corrected, the city filed its complaint against Ramirez.   Ramirez's defense at trial was that he did not meet the definition of an "owner" under the Lakewood Codified Ordinances because the warranty deed was in the name of General Remodeling and Repair, Co., L.L.C.   He also contended that he did not have notice of the violations. The trial court disagreed and found him guilty.   Ramirez now assigns the following errors for our review:

> I.   The court erred in finding defendant appellant an owner and guilty pursuant to the Lakewood Building Ordinance and liable contrary to Ohio Revised Code Section 1705.48(B) and Ohio law.
>
> II.   The court violated appellant's right to due process of law by allowing the complaint to proceed to trial when the notice of violations was issued to Mike H. Fanous, the owner on February 17, 2012 and defendant was not the owner or had an enforceable interest in the real estate on that date.

II.   Law and Analysis

---

[1] The affidavit was dated March 24, 2011, but both McDonough and Ramirez testified that that date was a mistake, and it was actually executed on March 24, 2012.

{¶7} In his first assignment of error, Ramirez contends that General Repair and Remodeling Co., L.L.C., was the owner of the property and, therefore, he cannot be held liable.   We disagree.

{¶8} Lakewood Codified Ordinances 1306.07 defines "owner" as the "owner(s) or occupant(s) of the premises, including a purchaser in possession, a mortgagee or receiver in possession, a life tenant, a lessee or joint lessees of the whole thereof *or any other person*, firm, corporation or fiduciary *in control of the premises*."   (Emphasis added.)

{¶9} The definition of "owner" in the Lakewood Codified Ordinances includes more than the titled owner of the property.   It also includes people who are "in control of the property."   The evidence here demonstrates that Ramirez was in control of the property.

{¶10} Specifically, Ramirez averred in an affidavit that he assumed responsibility for correction of the violations; he signed the affidavit in his personal capacity, without any indication whatsoever about the business.   Moreover, although the  certificate of use and occupancy referenced the business, it was issued to Ramirez personally, not the business.

{¶11} We are also not persuaded by Ramirez's contention that he cannot be held personally liable for the violations under R.C. 1705.48(B).   R.C. 1705.48(B) provides that:

> Neither the members of the limited liability company nor any managers of the limited liability company are personally liable to satisfy any judgment, decree, or order of a court for, or are personally liable to satisfy in any other manner, a debt, obligation, or liability of the company solely by reason of

being a member or manager of the limited liability company.

{¶12} R.C. Title 17 governs corporations and partnerships; it does not relate to crimes, which is generally governed by R.C. Title 29. R.C. 2901.24 sets forth personal liability for organization conduct and provides as follows:

> (A) An officer, agent, or employee of an organization as defined in section 2901.23 of the Revised Code may be prosecuted for an offense committed by such organization, if he acts with the kind of culpability required for the commission of the offense, and any of the following apply:

> (1) In the name of the organization or in its behalf, he engages in conduct constituting the offense, or causes another to engage in such conduct, or tolerates such conduct when it is of a type for which he has direct responsibility;

> (2) He has primary responsibility to discharge a duty imposed on the organization by law, and such duty is not discharged.

> (B) When a person is convicted of an offense by reason of this section, he is subject to the same penalty as if he had acted in his own behalf.

{¶13} Thus, based on the evidence already discussed, Ramirez could have been found liable as an agent of General Repair and Remodeling Co., L.L.C.

{¶14} In light of the above, the first assignment of error is without merit and is overruled.

{¶15} For his second assigned error, Ramirez contends that his due process rights were violated because he was not given notice of the violations. According to Ramirez, it is "clear that notice [of the violations] was never directed at [him] personally." We disagree.

{¶16} After McDonough completed his inspection of the property, he issued a

correction notice relative to the violations, which he sent to both Fanous and Ramirez, because he was aware that Ramirez was a potential buyer of the property. McDonough thereafter had on-going discussions with Ramirez about the property.

{¶17} Further, in a March 24, 2012 affidavit, Ramirez, individually, averred that, in consideration for a certificate of occupancy, he assumed the violations and agreed to correct them by dates certain.

{¶18} On this record, Ramirez had notice of the violations. The fact that the notice was issued in the name of Fanous is of no consequence, and the notice did not need to be reissued in Ramirez's name. Lakewood Codified Ordinances 1306.52(e) provides as follows:

> It shall be the duty of any owner or person in control of such structure and/or premises who has received a notice of violation and order to repair to inform any purchaser thereof of such notice and order. No owner or person in control of such structures and/or premises shall transfer to any vendee any interest in such structures and/or premises after receiving such notice and order without first providing the vendee with a copy of such notice and order.

{¶19} The ordinance did not require that the city reissue the corrections notice in Ramirez's name; rather, it merely required that Ramirez be given notice of the violations, and put the onus on the owner-seller. As discussed, Ramirez was given both actual and constructive notice of the violations. In light of this, his second assignment of error is overruled.

{¶20} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the municipal court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES, SR., PRESIDING JUDGE

TIM McCORMACK, J., and
EILEEN T. GALLAGHER, J., CONCUR